Rudolph Livingston Executive Director Department of Personnel 118 State Centennial Building Denver, Colorado 80203
Ruth B. Lurie, Chairman State Personnel Board Department of Personnel 118 State Centennial Building Denver, Colorado 80203
Dear Mr. Livingston and Ms. Lurie:
You have requested my opinion on the applicability to state employees of the 1978 amendments to the Age Discrimination in Employment Act (ADEA), Pub.L. 95-256, 92 Stat. 189. The amendments, which become effective on January 1, 1979, extend the prohibition on age discrimination to persons between 40 and 70 years of age. The state is expressly included in the Act's definition of an employer. 29 U.S.C. § 630(b). Your question is raised because current state law generally requires state employees to retire at age 65. C.R.S. 1973, 24-50-204(3).
QUESTION PRESENTED AND CONCLUSION
What impact, if any, does an amendment to the federal Age Discrimination in Employment Act (ADEA) raising the protected age range from 40-65 to 40-70, have on the state mandatory retirement age of 65?
 The federal amendment preempts the state statute where the state is an employer under the federal act unless age is a bona fide occupational requirement.
ANALYSIS
The National League of Cities v. Usery case does not apply and the state is properly named as an employer in the federal statute and is therefore covered by the federal act. Therefore the state may require employees to retire at 65 before January 1, 1979 (the effective date of the amendments) but those turning 65 after January 1, 1979 should be advised they need not retire until age 70.
In my view, the federal law preempts the state statute and, as of January 1, 1979, the state cannot compel its employees to retire before age 70 unless age can be shown to be a bona fide occupational requirement for a particular job. CompareFitzpatrick v. Bitzer, 427 U.S. 445 (1976) withNational League of Cities v. Usery, 426 U.S. 833
(1976). These cases and other relevant lower court decisions were discussed in some detail in an opinion to you from Assistant Attorney General Ann Sayvetz on August 17, 1978. I agree with her analysis of the cases and refer you to the discussion in that opinion.
Until the General Assembly acts on the question of what, if any, mandatory retirement age (i.e., 70 or over) will be set for state employees, the department should advise state employees that they may continue their employment until at least age 70.
SUMMARY
Amendments to the federal ADEA preempt state law imposing a retirement age of 65 on state employees and the Personnel Board should revise its rules to conform to federal law and seek a statutory change during the next session.
Very truly yours,
 J.D. MacFARLANE Attorney General
RETIREMENT DISCRIMINATION CIVIL RIGHTS FEDERAL PREEMPTION
29 U.S.C. § 621
C.R.S. 1973, 24-50-204
C.R.S. 1973, 24-50-205
PERSONNEL, DEPT. OF Administration State Personnel Bd.
ADEA Amendments apply to the state as an employer, and the change in protection against mandatory retirement age from 65 to 70 preempts Colorado statutes requiring retirement at age 65.